UNITED STATES BANKRUPTCY COURT
FOR THE
EASTERN DISTRICT OF NORTH CAROLINA

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **John Graves** |
| | First Name   Middle Name   Last Name |
| Debtor 2 (Spouse, if filing) | **Sharom Graves** |
| | First Name   Middle Name   Last Name |
| Case number: (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

# CHAPTER 13 PLAN

## Part 1:   Notices

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable. *You must check each box that applies in §§ 1.1, 1.2, 1.3, and 1.4, below*.

| 1.1 | **A limit on the amount of a secured claim, including avoidance of mortgage liens, set out in Sections 3.1 or 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment at all.** | ☐ Included | ■ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5.** | ☐ Included | ■ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 9.** | ☐ Included | ■ Not Included |

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed.** You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one. **Neither the staff of the Bankruptcy Court nor the Chapter 13 Trustee can give you legal advice.**

The following matters may be of particular importance to you. *Debtors must check one box on each line of §§ 1.1, 1.2, and 1.3, above, to state whether or not the plan includes provisions related to each item listed. If an item is checked "Not Included," or if neither box is checked or both boxes are checked, the provision will not be effective, even if set out later in the plan.*

**Proof of Claim:** A creditor's claim will not be paid or allowed unless a proof of claim is timely filed by, or on behalf of, the creditor. Only allowed claims will receive a distribution from the Trustee. Confirmation of a plan does not preclude the Debtor, Trustee, or a party in interest from filing an objection to a claim. *See generally*, 11 U.S.C. §§ 501 and 502, and Bankruptcy Rules 3001, 3002, and 3002.1.

**Pre-Confirmation Adequate Protection Payments:** Pre-confirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1) and Local Rule 3070-1(b) shall be disbursed by the Trustee in accordance with the Trustee's customary distribution process. A creditor will not receive pre-confirmation adequate protection payments unless and until a timely, properly documented proof of claim is filed with the Bankruptcy Court.

**Other Trustee Payments to Creditors:** Unless otherwise ordered by the Court, creditors not entitled to adequate protection payments will receive no disbursements from the Trustee until after the Plan is confirmed, and all such payments shall be made in accordance with the Trustee's customary distribution process.

1.4   **Information about the Debtor: Income and Applicable Commitment Period.** *(Check one.)*
The "current monthly income" of the Debtor, calculated pursuant to 11 U.S.C. § 101(10A) and then multiplied by 12, is:

■ **ABOVE** the applicable state median income; the Debtor's applicable commitment period is 60 months.

☐ **BELOW** the applicable state median income; the Debtor's applicable commitment period is 36 months.

Debtor **John Graves**      Case number _____

**1.5 Projected Disposable Income and "Liquidation Test."**
The projected disposable income of the Debtor, as referred to in 11 U.S.C. § 1325(b)(1)(B), is $ **-476.53** per month. The amount referred to in 11 U.S.C. § 1325(a)(4) that would be paid to holders of allowed unsecured claims if the estate of the Debtor were liquidated in a chapter 7 bankruptcy case (known as the "liquidation test") is estimated by the Debtor to be $ **0.00**. The "liquidation test" has been computed as indicated in E.D.N.C. Local Form 113B, Liquidation Worksheet & Plan Summary filed simultaneously with this plan.

**1.6 Definitions:** See attached Appendix.

## Part 2: Plan Payments and Length of Plan

**2.1 The Debtor shall make regular payments to the Trustee as follows:**
$ **1,700.00** per **Month** for **60** months

*(Insert additional line(s), if needed.)*

**2.2 Regular payments to the Trustee will be made from future income in the following manner:**
*(Check all that apply.)*
☐ Debtor will make payments pursuant to a payroll deduction order.
☐ Debtor will make payments directly to the Trustee.

**2.3 Additional payments.** (*Check one.*)
■ **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

**2.4 The total amount of estimated payments to the Trustee is $ 102,000.00 .**

## Part 3: Treatment of Secured Claims

**3.1 Residential Mortgage Claim(s) – When Residence to be Retained (Surrender addressed in § 3.6).** (*Check one.*)
☐ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

*Note: Avoidance of mortgage liens may not be accomplished in this district in the absence of the filing and proper service of a motion and notice of motion specifically seeking such relief and giving the affected creditor the opportunity to object and request a hearing.*

■ The Debtor proposes the following treatment of mortgage claims secured by the Debtor's principal residence:

| Creditor Name | Direct Amt./Mo. | Conduit Amt./Mo | Arrears Owed | + | Adm. Arrears* | = | Tot. Arrears to Cure* | Cure $/Mo. | Avoid (Y/N) | Other Terms (Y/N) (if Y, see Other, below) |
|---|---|---|---|---|---|---|---|---|---|---|
| Dovenmuehle Mortgage Inc | $0.00 | $1,175.00 | $10,575.00 | | $0.00 | | $10,575.00 | $293.75 | N | |

*Insert additional claims, as needed.*
**Other.** (*Check all that apply, and explain.*) The Debtor:
**(a)** ☐ does intend to seek a mortgage modification with respect to the following loan(s) listed above: \_\_\_\_ ; or
**(b)** ☐ does not intend to seek mortgage loan modification of any of the mortgage loans listed above; and
**(c)** ☐ intends to: \_\_\_\_

**3.2 Secured Claims Other Than Residential Mortgage Claims – To be Paid Directly by Debtor.**
*(Check one.)*
☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
■ On each claim listed below, the Debtor will make payments directly to the secured creditor, according to the contractual terms between the parties.

| Creditor Name | Collateral | Direct Amt./Mo | Arrears Owed | Int(%) | Cure $/Mo. | Other Terms (Y/N) (if Y, see Other, below) | Mo. Pmt. Ends (mm/yyyy) |
|---|---|---|---|---|---|---|---|
| Credit Acceptance Corp | 2010 Ford Escape | $0.00 | $0.00 | 0.00% | $0.00 | | / |
| First Investors Servicing | 2013 Lincoln MKX | $0.00 | $2,000.00 | 0.00% | $55.56 | | / |

Debtor **John Graves**   Case number _____

| Creditor Name | Collateral | Direct Amt./Mo | Arrears Owed | Int(%) | Cure $/Mo. | Other Terms (Y/N) (if Y, see Other, below) | Mo. Pmt. Ends (mm/yyyy) |
|---|---|---|---|---|---|---|---|
| **Corp** | | | | | | | |

*Insert additional claims, as needed.*
   **Other:** ____

3.3 **"Cram-Down" Claims - Request for Valuation of Collateral and Modification of Undersecured Claims.** *(Check one.)*
   ■ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Secured Claims not Subject to Valuation of Collateral — Monthly Payment to be Disbursed by Trustee.** *(Check one.)*
   ■ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests.** *(Check one.)*
   ■ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6 **Surrender of Collateral.** *(Check one.)*
   ■ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

**Part 4:   Treatment of Fees and Priority Claims**

4.1 **General Treatment:** Unless otherwise indicated in **Part 9, Nonstandard Plan Provisions**, Trustee's commissions and all allowed priority claims, including arrearage claims on domestic support obligations, will be paid in full without interest through Trustee disbursements under the plan.

4.2 **Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be __**10.00**__% of amounts disbursed by the Trustee under the plan and are estimated to total $__**10,200.00**__ .

4.3 **Debtor's Attorney's Fees.** *(Check one, below, as appropriate.)*
   ☐ **None, because I filed my case without the assistance of an attorney and am not represented by an attorney in this case.** *If "None" is checked, the rest of § 4.3 need not be completed or reproduced.*

*[OR]*

   ■ **Debtor's Attorney's Fees Requested or to be Requested, Paid Prior to Filing, and to be Paid through the Plan** (and check one of the following, as appropriate).
   ■ Except to the extent that a higher amount is allowed by the Court upon timely application, or a lower amount is agreed to by the attorney, the Debtor's attorney has agreed to accept the "standard base fee," as described in Local Rule 2016-1(a)(2), for services reasonably necessary to represent the Debtor before the Court through the earlier of confirmation of the Debtor's plan or the first 12 months after this case was filed. The amount of compensation requested does not exceed the allowable "standard base fee" as set forth in § 2016-1(a)(1) of the Administrative Guide.
   The total amount of compensation requested is $__**5,000.00**__, of which $__**300.00**__ was paid prior to filing. The Debtor's attorney requests that the balance of $__**4,700.00**__ be paid through the plan.

*[OR]*

   ☐ The Debtor's attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $_____, of which $_____ was paid prior to filing. The Debtor's attorney requests that the estimated balance of $_____ be paid through the plan.

4.4 **Domestic Support Obligations.** *(Check all that apply.)*

   ■ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.* +1

4.5 **Other Priority Claims.** *(Check one.)*
   ■   **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**Part 5:   Executory Contracts and Unexpired Leases**

5.1 *(Check one.)*

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

Debtor      **John Graves**                                    Case number

■ **None.** *If "None" is checked, the rest of Part 5 need not be completed or reproduced.*

### Part 6: Co-Debtor and Other Specially Classified Unsecured Claims

**6.1** *(Check one.)*

■ **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*

### Part 7: Unsecured Non-priority Claims

**7.1 General Treatment.** After confirmation of a plan, holders of allowed, non-priority unsecured claims that are not specially classified in § 6.1, above, will receive a *pro rata* distribution with other holders of allowed, nonpriority unsecured claims to the extent funds are available after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees. Holders of allowed, non-priority unsecured claims may not receive any distribution until all claims of higher payment priority under the Bankruptcy Code have first been paid in full.

### Part 8: Miscellaneous Provisions

**8.1 Non-Disclosure of Personal Information:** Pursuant to N.C. Gen. Stat. § 76-66 and other applicable state and federal laws, the Debtor objects to the disclosure of any personal information by any party, including without limitation, all creditors listed in the schedules filed in this case.

**8.2 Lien Retention:** Holders of allowed secured claims shall retain the liens securing their secured claims to the extent provided by 11 U.S.C. § 1325(a)(5).

**8.3 Retention of Consumer Rights Causes of Action:** Confirmation of this plan shall constitute a finding that the Debtor does not waive, release, or discharge, but rather retains and reserves, for the benefit of the Debtor and the chapter 13 estate, any and all pre-petition and post-petition claims the Debtor could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute, or under state or federal common law, including, but not limited to, claims related to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, Retail Installment Sales Act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Procedures Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Lending Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for under Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of the Bankruptcy Court for the Eastern District of North Carolina.

**8.4 Vesting of Property of the Bankruptcy Estate:**
*(Check one.)*
Property of the estate will vest in the Debtor upon:
☐ plan confirmation.
☐ discharge
☐ other: _____

**8.5 Possession and Use of Property of the Bankruptcy Estate:** Except as otherwise provided or ordered by the Court, regardless of when property of the estate vests in the Debtor, property not surrendered or delivered to the Trustee (such as payments made to the Trustee under the Plan) shall remain in the possession and control of the Debtor, and the Trustee shall have no liability arising out of, from, or related to such property or its retention or use by the Debtor. The Debtor's use of property remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

**8.6 Creditor Notices When Debtor to Make Direct Payments:** Subject to Local Rule 4001-2, secured creditors, lessors, and parties to executory contracts that will be paid directly by the Debtor may, but are not required to, send standard payment notices to the Debtor without violating the automatic stay.

**8.7 Rights of the Debtor and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

**8.8 Rights of the Debtor and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor or Trustee to object to any claim.

**8.9 Discharge:** Subject to the requirements, conditions, and limitations set forth in 11 U.S.C. § 1328, and unless the Court approves a written Waiver of Discharge executed by the Debtor, the Court shall, as soon as practicable after completion by the Debtor of all payments under the plan, grant the Debtor a discharge of all debts that are provided for by the plan or that are disallowed under 11 U.S.C. § 502.

### Part 9: Nonstandard Plan Provisions

**9.1 Check "None" or List Nonstandard Plan Provisions.**

Debtor    **John Graves**                                    Case number

■    **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

*No additional plan provisions may follow this line or precede Part 10: Signature(s), which follows;*
*Appendix – Definitions, referenced in § 1.6, above, is attached after Signature(s).*

| Part 10: | Signatures |

**10.1   Signatures of Debtor(s) and Debtor(s)' Attorney**

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.

X    **/s/ John Graves**                                      X    _____
     **John Graves**                                                Signature of Debtor 2
     Signature of Debtor 1

     Executed on    **July 24, 2019**                         Executed on    _____

By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 9.

X    **/s/ Benner Jones, III**                                Date   **July 24, 2019**
     **Benner Jones, III 2447  NC**                                   MM/DD/YYYY
     Signature of Attorney for Debtor(s)

If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 9.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

| Debtor | **John Graves** | Case number | |
|---|---|---|---|

**APPENDIX: Definitions.**
The following definitions are applicable to this Plan.

| | |
|---|---|
| "AP Amt." | The amount the Debtor proposes to pay per month as pre-confirmation "adequate protection" payments in accordance with 11 U.S.C. § 1326(a)(1)(C) and Local Rule 3070-1(c). |
| "Administrative Guide" | The Administrative Guide to Practice and Procedure, a supplement to the Local Rules, which facilitates changes in practice and procedure before the Court without the necessity for revision to the Local Rules. The Administrative Guide may be found at the following Internet URL: http://www.nceb.uscourts.gov/sites/nceb/files/AdminGuide.pdf. As used herein, the term refers to The Administrative Guide in effect as of the date of the filing of the debtor's petition. |
| "Applicable Commitment Period" | The mandated length of a Debtor's plan. Debtors whose annual median income is above the applicable state median income, must propose 60-month plans, and below median income debtors are not required to propose a repayment plan longer than 36 months. Either may propose a shorter plan only if the plan will repay 100% of all allowed claims in full in less than the "applicable commitment period." Below median income debtors may propose a plan longer than 36 months, but not longer than 60 months, if the Court finds cause to allow a plan longer than 36 months. See § 1.4, above. |
| "Arrears" | The total monetary amount necessary to cure all pre-petition defaults. |
| "Avoid" | The Debtor intends to avoid the lien of a creditor in accordance with 11 U.S.C. § 506(d) and In re Kidd, 161 B.R. 769 (Bankr. E.D.N.C. 1993). |
| "Bankruptcy Rules" | The Federal Rules of Bankruptcy Procedure. |
| "Claim" or "Claim Amount" | The estimated amount of the creditor's claim against the Debtor. Absent a sustained objection to claim, **the total amount listed by a creditor as being owed on its timely filed proof of claim shall control over any amount listed by the Debtor in this plan.** |
| "Collateral" | Description of the real property or personal property securing each secured creditors' claim. |
| "Conduit" | The regular monthly mortgage payment that is to be made by the Trustee when a mortgage claim is proposed or required to be paid through the plan disbursements. (See Local Rule 3070-2). The number of monthly "conduit" payments to be made by the Trustee will be equal to the number of monthly payments proposed under the plan. |
| "Court" | The United States Bankruptcy Court for the Eastern District of North Carolina. |
| "Cram Down" | The Debtor intends that the amount to be paid in satisfaction of a secured claim be determined by determining the "value" of the secured creditor's "collateral," or what the "collateral" is worth, under 11 U.S.C. §506(a) [which the Debtor asserts is the amount shown in § 3.3, under the chart column headed, "Value of Collateral"], and amortizing and paying such "value" at the interest rate proposed in the chart column headed, "Int. (%)," over the life of the Debtor's plan. Any remainder of the creditor's total "claim amount" is allowed and treated as an unsecured claim. See §§ 1.1, 3.3, and 7.1. |
| "Cure" | Whether the Debtor intends to pay the amount in "arrears" on any claim. With respect to a mortgage claim secured by the Debtor's principal residence, if the Debtor proposes a cure through mortgage loan modification, such intention is indicated in § 3.1. Otherwise, mortgage "arrears" will be cured through the chapter 13 plan disbursements unless the Debtor indicates a different method to cure under § 3.1. With respect to other secured claims being paid directly by the debtor or an unexpired lease or executory contract that the Debtor proposes to assume, if the debtor intends to cure "arrears," these "arrears" will be cured through the Trustee's disbursements under a confirmed chapter 13 plan unless the Debtor indicates otherwise in § 3.2. With respect to "arrears" owed on a Domestic Support Obligation [defined in 11 U.S.C. § 101(14A) and addressed in § 4.4, below], these "arrears" will be cured through the Trustee's disbursements under and by the end of the confirmed plan. |
| "Debtor" | The individual or the married couple who filed this bankruptcy case, whose name or names are found at the top of the first page of this chapter 13 plan. The term "Debtor" as used in this plan includes both debtors if this case was filed by a married couple. |
| "Direct" | The Debtor proposes to make all post-petition payments on the obligation directly, after the timely filing of a claim by or for the creditor. Disbursements to creditors secured by a lien on the Debtor's principal residence are subject to the provisions of Local Rule 3070-2. |
| "Local Rules" | The Local Rules of Practice and Procedure of the United States Bankruptcy Court for the Eastern District of North Carolina, which may be found at the following Internet URL: http://www.nceb.uscourts.gov/sites/nceb/files/local-rules.pdf. |
| "Interest" or "Int." | The interest rate, if any, at which the Debtor proposes to amortize and pay a claim. In the case of an "arrearage" claim, unless the plan specifically provides otherwise, the Debtor proposes to pay 0% interest on the portion of any claim that is in arrears. |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor     **John Graves**                                          Case number

| | |
|---|---|
| "Monthly Payment" or "Mo. Pmt." | If paid through the Trustee's disbursements under a confirmed chapter 13 plan, the <u>estimated</u> amount of the monthly payment proposed to be made to the creditor. If used in reference to a Current Monthly Payment, the current monthly installment payment due from the Debtor to the creditor under the contract between the parties, including escrow amount, if any. If used with reference to an obligation that the Debtor proposes to pay directly to a creditor, the amount the Debtor shall continue paying each month pursuant to the contract between the Debtor and the creditor. |
| "Other" | The Debtor intends to make alternative <u>or additional</u> provisions regarding the proposed treatment of a claim, including the intention of the Debtor to pursue a mortgage modification. |
| "Other Secured Claims" | Any claim owed by the Debtor that is secured by property <u>other than</u> the Debtor's principal residence. |
| "§" or "§§" | This symbol refers to the numbered Section or Sections (if two are used) of the plan indicated next to the symbol or symbols; the Section numbers are found to the left of the part of the plan to which they refer. |
| "Surrender" or "Surr." | The Debtor intends to surrender the "Collateral" to the secured creditor(s) upon confirmation of the plan. Surrender of residential real property is addressed in § 3.1, and surrender of other "Collateral" is addressed in § 3.6. |
| "Trustee" | The chapter 13 standing trustee appointed by the Court to administer the Debtor's case. |
| "Value" | What the Debtor asserts is the market value of a secured creditor's "collateral," as determined under 11 U.S.C. § 506(a), and, therefore, the principal amount that must be amortized at the interest rate proposed and paid in full over the life of the Debtor's plan to satisfy in full the secured portion of a creditor's claim, consistent with the requirements of 11 U.S.C. §§1325(a)(5) and 1328. |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                           Best Case Bankruptcy